IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DELFRATE,

                Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-630-jdp

---

Plaintiff Michael Delfrate seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Delfrate's motion for summary judgment on July 9, 2015. For the reasons stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

Delfrate contends that the ALJ erred by: (1) improperly rejecting a treating source opinion; (2) failing to find a severe mental impairment; and (3) failing to consider his obesity in both the RFC determination and the analysis of Listing 4.02.

Delfrate's treating cardiologist, Dan Gavrila, MD, opined that Delfrate has severe systolic heart failure due to his severe coronary disease that was at least somewhat disabling. R. 553.[1] The ALJ did not explicitly disagree with Dr. Gavrila's opinion, but he did not articulate the amount of weight that he gave it. R. 33. Instead, the ALJ seems to have confused Dr. Gavrila's opinion with that of internist Mark Capriolo, MD, by attributing Dr. Capriolo's forms to Dr. Gavrila. *Id.* In another part of his decision, the ALJ also wrongly

---

[1] Record cites are to the Administrative Record. Dkt. 7.

identified Dr. Capriolo as having Dr. Gavrila's specialty in cardiology instead of general internal medicine. R. 29. It is unclear from the ALJ's written decision whether he had kept the two sources straight.

In addition to confusing the two treating doctors, the ALJ failed to sufficiently explain why he declined to adopt Dr. Capriolo's opinion regarding Delfrate's heart condition. This was error. Dr. Capriolo opined that Delfrate meets and medically equals Listing 4.02 for chronic heart failure. R. 699-702. To meet Listing 4.02, Delfrate must meet both section A and section B of that Listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02. But on the form that Dr. Capriolo submitted, he circled one of the criteria for section A, but none for section B. R. 705. So the ALJ gave the opinion only "little weight." R. 33. The form did not prompt the doctor to circle any of the options, but by circling only the A criterion and not any B criteria, Dr. Capriolo muddled his opinion. However, if the ALJ found the opinion confusing or incomplete, he had a duty to follow up with the doctor to clarify it before he rejected it. *Smith v. Apfel*, 231 F.3d 433, 437-38 (7th Cir. 2000). On remand, the ALJ must adequately apply the pertinent factors of 20 C.F.R. § 404.1527(c) to assign Dr. Gavrila's opinion some weight and to explain the weight he assigns to each doctor's opinion. If the ALJ rejects the opinions of treating sources with long-term relationships with the claimant, the ALJ must provide accurate and logical reasons for doing so.

Delfrate also argues that the ALJ should have found his mental impairments severe. The ALJ assessed Delfrate's affective disorder and polysubstance abuse under the paragraph B criteria, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, but he did not find them to be more than mildly limiting. R. 28. The ALJ reasoned that Delfrate's mood disorder was effectively controlled with medication and that he stopped abusing substances in 2011. R. 28, 32. The

ALJ went so far as to state that "[t]here is no evidence of severe mental health symptoms prior to" or following his suicide attempt on July 10, 2011. R. 28. However, this statement was not supported by the evidence, which documented several additional episodes involving hospital visits. *See, e.g.*, R. 637, 643, 671. On remand, the ALJ must consider the record as a whole and avoid cherry-picking only the evidence that supports his conclusion.

Finally, Delfrate argues that the ALJ failed to consider his obesity in both the RFC and in the listing analysis. But the ALJ explicitly and separately discussed Delfrate's obesity in both sections of his opinion. The ALJ described the effects of Delfrate's obesity on the Listing analysis for 4.02 at R. 30, and he described Delfrate's obesity again in the RFC discussion at R. 32. Therefore, the ALJ did not err on this point.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Michael Delfrate's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered July 14, 2015.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge