IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DELFRATE,

                Plaintiff,

v.

NANCY A. BERRYHILL,

                Defendant.

ORDER

14-cv-630-jdp

---

On July 14, 2015, the court reversed and remanded the Commissioner's decision denying plaintiff Michael Delfrate's application for disability benefits. Dkt. 19. The court awarded plaintiff's attorney, Dana Duncan, fees in the amount of $7,400 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 27. On remand, the Administration awarded plaintiff $74,761 in past-due benefits for himself and his child.

Now, Duncan petitions the court for a representative fee award of $11,290.25 under 42 U.S.C. § 406(b). Dkt. 28. Plaintiff signed a contingent fee contract and agreed to pay Duncan "25% of past-due benefits" awarded. Dkt. 28-1, at 2. The Commissioner has indicated that she does not oppose the award.

The court has repeatedly warned Duncan that under § 406(b), the court will award fees only for the *attorney's* work before *this* court and that he risks denial of future fee requests if he continues to brief his § 406(b) motions as though the court could consider both his work in the administrative portion of the case and his firm's non-attorney work. *See, e.g., Gyorkos v. Berryhill*, No. 15-cv-296, Dkt. 25 (W.D. Wis. Aug. 18, 2017).

Just as in *Weitz v. Berryhill*, No. 16-cv-419, Dkt. 24 (W.D. Wis. Nov. 8, 2017), Duncan appears to have gotten only half the message. He acknowledges that *his* work before *this court*

is what matters, but rather than lay out the equivalent hourly rate, which would be $312.49 per hour ($11,290.25 for 36.13 hours of work), he argues that the rate is only $107.67 per hour, erroneously deducting the EAJA fee from the total award before calculating the hourly rate ($3,890.25 for 36.13 hours of work). Duncan's proposed rate is deceptively low; the EAJA fee is not deducted from a § 406(b) award, as Duncan implies, but rather must be returned to the claimant when an attorney receives a higher award under § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)).

The equivalent hourly rate is $312.49. This is a reasonable rate, especially when considering that contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. District courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1,500. *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases). Because Duncan obtained favorable results for his client, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award"). As Duncan recognizes, this amount must be offset by $7,400, the amount of the EAJA fees that he already recovered. *Gisbrecht*, 535 U.S. at 796.

One final reminder. Should Duncan continue to misrepresent the equivalent hourly rate or ignore the court's instructions about the correct approach to § 406(b) awards, he can expect a reduction in fees.

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fees under § 406(b), Dkt. 28, is GRANTED in part. The court approves the representative fee award of $11,290.25, provided plaintiff's attorney refunds plaintiff $7,400.

Entered January 29, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge